1

Keith L. Altman, SBN 257309
Solomon Radner (*pro hac vice* to be applied for)
EXCOLO LAW, PLLC

2

26700 Lahser Road

3

Suite 401
Southfield, MI 48033

4

516-456-5885
kaltman@lawampmmt.com

5

*Attorneys for Plaintiff and the Class*

6

7

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

8

9

10

**T.K., by and through her Guardian
ad LITEM, LYNN KRESCH,
individually and on behalf of all
others similarly situated**

11

12

**PLAINTIFF,**

13

**v.**

14

**ADOBE SYSTEMS, INC.,**

15

16

**DEFENDANT.**

**VERIFIED CLASS ACTION COMPLAINT**

1. Declaratory Relief Under 28 U.S.C. § 2201
2. Breach of Good Faith and Fair Dealing
3. Violation of the California Consumer Legal
   Remedies Act (Cal. Civ. Code § 1750)
4. Violation of California Unfair Competition
   Laws (Cal. Bus. & Prof. Code § 17200 *et
   seq.*) – Fraudulent Prong
5. Unjust Enrichment

**JURY TRIAL DEMANDED**

17

18

19

20

21

## CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES

COMES NOW Plaintiff, by and through their attorney, KEITH ALTMAN of EXCOLO LAW, PLLC, and complains and alleges on personal knowledge as to Plaintiff's own acts and on information and belief as to all other allegations against ADOBE SYSTEMS, INC. ("Adobe") as follows:

## INTRODUCTION

1. Plaintiff brings this class action on behalf of herself and all other similarly-situated individuals.  This consumer class action arises from minor children purchasing subscriptions from Adobe incurring charges for voidable purchases that Adobe has misrepresented to be "final" and nonrefundable, under a scheme that does not comply with either California or Federal law and regulations.  Furthermore, Adobe routinely refuses to allow minors to disaffirm agreements between Adobe and said minors for use of its Adobe Creative Cloud Platform ("ACCP") in violation of California law.  The ACCP is a suite of online tools developed by Adobe to allow users to develop creative content and distribute that content. Adobe's ACCP agreement represents to provide consumers with virtual services and access to Adobe's services and products, charging a monthly fee, which Adobe has represented to be "final" and nonrefundable. Adobe, in an unfair and deceptive method, charged Plaintiff and the Class an exorbitant cancellation fee after the minors attempted to disaffirm their contracts.

2. The ACCP is a computing platform and there is no physical product delivered to users. Thus, there is no "product" to return in the event of a cancellation or lapse in the agreement with Adobe.  Access to the platform is simply restricted.

3. Adobe actively advertised, marketed, promoted, sold, and represented services with the statement that "all sales are final."  Adobe knew that minors were making such purchases and that minors had the right to disaffirm such contracts if they chose.  Adobe deceptively and specifically designed practices to induce Plaintiff and the Class to believe they had no right to either disaffirm their contracts or receive refunds, when in fact they did have such a right.

4. Adobe specifically and intentionally allowed minors to sign up for the ACCP.  Attached as Ex. "A" to the complaint is Adobe's terms of service dated April 7, 2015, and which were in effect at the time that Plaintiff began to use Adobe's services.  Notably section 1.2 requires that a user be over the age of 13 and does not require consent of the minor's parents to enter into the contract:

> **1.2 Eligibility.** You may only use the Services if you are (a) over 13 years old and (b) allowed by law to enter into a binding contract.

5. Subsequently, the April 1, 2017 terms of service attached as Ex. "B" have further expanded eligibility:

> **1.2 Eligibility**. You may only use the Services if you are over 13 years old.

6. Under Cal. Fam Code § 6700, a minor may make a contract in the same manner as an adult subject to the power of disaffirmance.

7. Under Cal Fam. Code § 6710, minors have the right to disaffirm contracts:

> Except as otherwise provided by statute, a contract of a minor may be disaffirmed by the minor before majority or within a reasonable time afterwards or, in case of the minor's death within that period, by the minor's heirs or personal representative.

8. The goods and services provided by Defendant to not constitute necessities as defined under Cal. Fam. Code § 6712.

9. When minors directly or through their parents attempt to disaffirm the agreement, Adobe either refuses to void the agreement or charges exorbitant cancellation fees.

**PARTIES**

10. Plaintiff T.K. was given a one-year license to access Adobe's Cloud Computer platform ("ACCP").  She registered for this service on or about March 15, 2016. Despite being prepaid, Kresch was required to provide a debit card to access ACCP. See the contract materials attached as Ex. "A".  At the time of the purchase, T.K. was, and still is, a minor. Plaintiff is a citizen of Puerto Rico.

11. Lynn Kresch is the mother and natural parent of T.K. and is a citizen of Puerto Rico.

12. Adobe Systems, Inc. ("Adobe") is a Delaware Corporation with its principle place of business at 345 Park Avenue, San Jose, California 95110.

13. Adobe is registered to do business throughout the United States, including in Puerto Rico, where Plaintiff is a citizen.

14. Adobe is authorized to do business in California and derives substantial income from doing business in this state.

15. Upon information and belief, Adobe did sell, advertise, contract, and administer the ACCP in the State of California.

16. Upon information and belief, Adobe directed all of its marketing activities from within California.

17. This court has personal jurisdiction over the Adobe named herein because said Adobe has its principle place of business in California

18. At all times herein mentioned, Adobe advertised, promoted, and supplied the ACCP to consumers and the general public, including minors 13 and older.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(d)(2) because the amount in controversy exceeds $5,000,000, there are thousands of class members, there is no state in which more than 1/3 of the putative class members are citizens and Plaintiff T.K. and members of the class are citizens of a State different from Defendant.

20. At all times relevant to this action, Adobe was engaged in substantial business activities in California, including, but not limited to, advertising, selling, contracting, and administering the ACCP.  Thus, Adobe regularly transacted business within California.

21. At all times relevant to this action, Adobe engaged, either directly or indirectly, in the business of marketing, promoting, distributing, selling, and administering the ACCP from within California with a reasonable expectation that the ACCP would be used by consumers both within and without California.

22. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and because a substantial part of the events and omissions giving rise to the claims alleged occurred within this district. Furthermore, Adobe is subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

23. Adobe is a multinational computer software company that provides that vast array of multimedia and creativity software products for consumers, such as the ACCP, Photoshop, an image editing software, Acrobat Reader, and the Portable Document Format (PDF).

24. Adobe sells subscriptions to the ACCP which is a suite of more than 20 tools for development of content by subscribers[1].   These subscriptions are typically billed monthly based upon an annual subscription[2].

---

[1] https://www.Adobe.com/creativecloud/catalog/desktop.html?promoid=KVGRV6JK&mv=other
[2] https://www.Adobe.com/creativecloud/plans.html?promoid=KSPCN

25. On or about March 15, 2016, Plaintiff T.K. purchased a one-year subscription to the ACCP with a gift authorization from Adobe for that purchase.  At the time, T.K. was 13 years old and thus was eligible to use the ACCP according to Adobe's terms of service.  See Ex. "A", § 1.2.

26. As part of T.K.'s subscription, she was required to create an Adobe account.  Creating an Adobe account requires, among other things, selecting a user name and password, providing contact and other information, and agreeing Adobe's terms of service for the ACCP attaches as Ex. "A".

27. Furthermore, T.K. was required to provide a credit/debit card.  She did so using her own debit card.

28. T.K. and all members of the class agreed to Adobe's terms of service which were substantially unchanged in respects material to this dispute during the class period.

29. The terms of service provided by Adobe and for which T.K. and members of the class agreed does not mention anything concerning auto-renewal.  Furthermore, the terms of service contain an integration clause which specifically states that the terms of service constitute the entire agreement between the parties.  See Ex. "A", § 16.4 and Ex. "B", § 16.4.  Thus, even without a minor disaffirming the agreement, Adobe had no right to auto-renew Class Member's subscriptions.

30. On February 20, 2017, T.K. received an unsolicited e-mail from Adobe informing her that her subscription would renew on March 20, 2017 on an annual basis for a fee of $49.99 per month plus tax.  T.K. did not respond to this e-mail.  *See* Ex. "C".

31. On or about March 21, 2017, T.K. was charged $52.99 by Adobe.  *See* Ex. "D".

32. On April 21, 2017, T.K. was charged $52.99 by Adobe.  Shortly thereafter, T.K. through her parent Ari Kresch contacted Adobe and disaffirmed the renewal of the agreement.  Instead of refunding T.K. $106.98, Adobe only refunded $52.99 on April 26, 2017. *Id.*

33. Declaring all sales to be final, Adobe routinely refuses requests by children and their parents and legal guardians to provide refunds for transactions that are subject to disaffirmance under California law, and unlawfully retains the benefit of purchases by minors.

34. Adobe refused to allow T.K. to disaffirm the automatically renewed agreement.  In effect, the fees charged by Adobe are a cancellation penalty.

35. Adobe targets minors for subscriptions to the ACCP.  On its website, Adobe has a special plan designed for students which Adobe knew or should have known would include minors.  *See* Ex. "E".

36. Furthermore, Adobe specifically makes the student plan available to students 13 and older. *See* Ex. "F".

37. On information and belief, other minors seeking to disaffirm agreements with Adobe are denied the right to disaffirmance and are charged by Adobe for some or all of the agreement which is a nullity once disaffirmed.  Adobe represents and continues to represent that all subscription sales are final, even with respect to minors despite minor's right to disaffirm the agreement under California law.

38. Adobe's transactions with minors also necessarily involve entering into contracts with minors regarding property that is fundamentally not in the minors' possession or control. Namely, in connection with ACCP subscriptions, Adobe collects funds from debit cards, credit cards, PayPal accounts, or other sources that are not in the minor's possession or control. In fact, the funds are in the possession and control of, invariably, the minor's parents and the card issuers.

39. As set forth above, Adobe makes it nearly impossible for minors to obtain refunds for transactions with minors who attempt to request a refund and the refund itself. Adobe repeatedly misinforms its users that "all sales are final"—a statement that is contrary to the law of California and Adobe's obligations under California and Federal law.

40. Plaintiff has lost money and been injured and suffered violations of California law in connection with ACCP subscriptions that are either void or voidable under California Law.

41. Plaintiff's experience with Adobe is similar to that of other minors who contract with Adobe.

## CLASS ACTION ALLEGATIONS

42. Plaintiff T.K. through her Guardian ad Litem bring this action as a class action on behalf of herself and on behalf of all those similarly situated pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the following Class:

> All ACCP users who are or were minor children according to Adobe's own records for the four years preceding the date on which this complaint is filed through the date on which a class is certified ("Class"). Within the Class is a Subclass of minors who purchased access to the ACCP and attempted to disaffirm the agreement with Adobe according to Adobe's customer service records, but were charged fees according to the disaffirmed contract ("the Minors Disaffirming Subclass").

43. Excluded from the Class are Adobe; any entity in which it has a controlling interest; any of its parents, subsidiaries, affiliates, officers, directors, employees and members of their immediate families; members of the federal judiciary, and counsel for the parties.

44. Subject to additional information obtained through further investigation and discovery, the Class and subclass definitions may be expanded or narrowed by amendment or amended complaint.

45. The exact number of the members of the Class (or Subclass) is not presently known, but is so numerous that joinder of individual members in this action is impracticable.

The exact number of the members of the Class (or Subclass) can only be ascertained through discovery, because such information is in the exclusive control of Adobe. However, based upon the nature of the activities alleged herein, Plaintiff believe that the members of the Class (and Subclass) number at least in the tens of thousands and are geographically dispersed through the United States. The identities and members of the Class (and Subclass) are readily obtainable from the Adobe and its agents and are maintained in the computer database of Adobe and are easily retrievable.

46. Plaintiff will fairly and adequately protect the interests of the Class and Subclass and have retained counsel that are experienced and capable in class action litigation, and in the fields of technology and consumer law. Plaintiff understands and appreciate her duties to the Class and Subclass under Fed. R. Civ. P. 23 and are committed to vigorously protecting the rights of absent members of the Class and Subclass.

47. Plaintiff is asserting claims that are typical of the claims of each member of the Class and Subclass she seeks to represent, in that the claims of all members of the Class and Subclass, including Plaintiff, depend upon a showing of the Adobe's unlawful practices. All claims alleged on behalf of the Class and Subclass flow from this conduct as well.

48. There is a well-defined community of interest in the questions of law and fact involved. Questions of fact arising out of Defendant's conduct are common to all members of

the Class and Subclass, and such common issues of law and fact predominate over any questions affecting only individual members of the Class and Subclass.

49. Common issues of law and face including without limitation:

a. Whether Adobe sold subscriptions to the ACCP;

b. Whether Adobe sold subscriptions to the ACCP to minors;

c. Whether Adobe intended for minors to purchase subscriptions to the ACCP without the knowledge or authorization of the minors' parents or guardians;

d. Whether Adobe's sales to minors of subscriptions to the ACCP constitute void, or, in the alternative, voidable contracts;

e. Whether Adobe's scheme to sell subscriptions to the ACCP to minors without providing refunds under any circumstance violates California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, and Unfair Competition Law, Business & Professions Code § 17200 *et seq.*;

f. Whether Adobe engaged in unfair and/or otherwise unlawful practices through its refusals to allow minors to disaffirm contracts;

g. Whether Plaintiff and members of the Class are entitled to recover restitution of monies remitted to Adobe as a result of the actions and omissions alleged herein;

h. Whether Adobe should be enjoined from continuing to make deceptive, misleading, unfair, fraudulent and/or otherwise unlawful practices through its

non-disclosure of material facts and affirmative misleading statements regarding the rights of minors to disaffirm contracts;

i.  Whether Adobe was unjustly enriched by its scheme; and

j.  Whether the Class have been damaged, and if so, in what amount; and

k.  Whether Adobe has complied with California Family Code sections 6701(c) and 6710.

l.  Whether Adobe should be enjoined from engaging in transactions with minors, or, in the alternative, required to comply with all provisions of California and Federal law in its transactions with minors.

50. Plaintiff's claims are typical of the claims of other members of the Class, and there is no defense available to Adobe that is unique to any Plaintiff. Plaintiff paid hundreds or more than a thousand dollars to Adobe and were denied their right to disaffirm the agreements.

51. Plaintiff will fairly and adequately represent the interests of the Class.  Plaintiff has no interests that are antagonistic to those of the Class. Plaintiff has the ability to assist and adequately protect the rights and interests of the Class during the litigation.  Further, Plaintiff is represented by counsel who are competent and experienced in this type of class action litigation.

52. The relief sought is common to the entirety of the Class and sub-Class.

53. This class action is not only the appropriate method for the fair and efficient adjudication of the controversy, it is the superior method because:

    a. The joinder of thousands of geographically diverse individual class members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and litigation resources;

    b. There is no special interest by class members in individually controlling prosecution of separate causes of action;

    c. Class members' individual claims are relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, expensive, if not totally impossible, to justify individual class members addressing their loss.

    d. When Adobe's liability has been adjudicated, claims of all class members can be determined by the Court and administered efficiently in a manner that is far less erroneous, burdensome, and expensive than if it were attempted through filing, discovery, and trial of many individual cases;

    e. This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of class claims to promote economies of time, resources, and limited pool of recovery;

    f. This class action will assure uniformity of decisions among class members;

g. Without this class action, restitution will not be ordered and Adobe will be able to reap the benefits or profits of its wrongdoing;

h. The resolution of this controversy through this class action presents fewer management difficulties than individual claims filed in which the parties may be subject to varying indifferent adjudications of their rights; and

i. Class treatment is required for optimal deterrence.

54. Further, class certification is appropriate because Adobe has acted, or refused to act, on grounds generally applicable to the Class, making class-wide equitable, injunctive, declaratory and other relief appropriate. In addition, the prosecution of separate actions by or against individual members of the Class would create a risk of incompatible standards of conduct for Adobe and inconsistent or varying adjudications for all parties. A class action is superior to other available methods for the fair and efficient adjudication of this action.

## CALIFORNIA LAW APPLIES TO THE ENTIRE CLASS

55. California's substantive laws apply to every member of the Class, regardless of where in the United States the class member resides. Adobe imposes on its users of the ACCP "General Terms of Use". See Ex. "A". These terms must be accepted before a user is allowed to make use of the ACCP. This contract provides as follows:

**1.1 Choice of Law. If you reside in North America, your relationship is with Adobe Systems Incorporated, a United**

**States company, and the Services and Software are governed by the law of California, U.S.A.** (emphasis in original)

56. Further, California's substantive laws may be constitutionally applied to the claims of Plaintiff and the Class under the Due Process Clause, 14th Amend. § 1, and the Full Faith and Credit Clause, Art. IV § 1 of the U.S. Constitution. California has significant contact, or significant aggregation of contacts, to the claims asserted by Plaintiff and all class members, thereby creating state interests that ensure that the choice of California state law is not arbitrary or unfair.

57. Adobe's United States headquarters and principal place of business is located in California. Adobe also owns property and conducts substantial business in California, and therefore California has an interest in regulating Adobe's conduct under its laws. Adobe's decision to reside in California and avail itself of California's laws, and to engage in the challenged conduct from and emanating out of California, renders the application of California law to the claims herein constitutionally permissible.

58. California is also the state from which Adobe's alleged misconduct emanated. This conduct similarly injured and affected Plaintiff and all other class members.

59. The application of California laws to the Class is also appropriate under California's choice of law rules because California has significant contacts to the claims of Plaintiff and the proposed Class, and California has a greater interest in applying its laws here than any other interested state.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### (Declaratory Relief Under 28 U.S.C. § 2201)

60. Plaintiff and the Class adopts by reference each and every paragraph of this Complaint as if fully copied and set forth at length herein.

61. All purchases of access to the ACCP constitutes an offer by Adobe to enter into a sales contract.

62. By purchasing access to the ACCP, a minor accepts Adobe's offer.

63. Plaintiff and the class tendered payment to Adobe for access to the ACCP. These payments constitute consideration.

64. Accordingly, all transactions that are the subject of this Complaint are possessed of the three elements of a contract, i.e., offer, acceptance, and consideration.

65. Cal. Fam. Code § 6710 provides minors with the right to disaffirm contracts such as those at issue here.

66. A parent or guardian may disaffirm a contract on behalf of a minor.

67. The contracts between Adobe and the members of the Class are voidable – a fact Adobe denies.

68. An actual and justiciable controversy exists between Plaintiff and Adobe concerning the effect and validity of Plaintiff and the Class' disaffirmance of the ACCP agreement, including without limitation that Plaintiff is informed and believes and

thereon alleges that Defendant contends that the disaffirmance is not valid or effective, and that the Agreement is enforceable against Plaintiff and the Class.

69. This claim for declaratory judgment is brought pursuant to 28 U.S.C. § 2201 *et seq.*, seeking a determination by the Court that: (a) this action may proceed and be maintained as a class action; (b) the sales contracts between Adobe and the Class relating to the subscription to the ACCP are voidable at the option of the respective Class members; (c) if the Class members elect to void the contracts, they will be entitled to restitution and interest thereon; (d) if the Subclass members actually attempted to disaffirm the contracts and were charged monies by Adobe, these monies were not owed and those Subclass members are entitled to restitution and interest thereon; (e) an award of reasonable attorneys' fees and costs of suit to Plaintiff and the Class is appropriate; and (e) such other and further relief as is necessary and just may be appropriate as well.

## <u>SECOND CAUSE OF ACTION</u>
### **Breach of Duty of Good Faith and Fair Dealing**
### **(On Behalf of the Minors Disaffirming Subclass)**

70. Plaintiff and the Subclass adopt by reference each and every paragraph of this Complaint as if fully copied and set forth at length herein.

71. The previously referenced subscriptions to the ACCP are contracts which have been entered into between the Plaintiff and the Subclass and Adobe.

72. Every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement

73. The Plaintiff and the Subclass have performed all of the conditions required of them under the contract.

74. Adobe knew or should have known that under California law, Minors have the right to disaffirm contracts.

75. Adobe's conduct, as alleged above, constitutes a breach of its duty of good faith and fair dealing, in that, among other things, it denied the Plaintiff and the Subclass their right to disaffirm the contract and instead, imposed penalties upon Plaintiff and the Subclass.

76. As a result of Adobe's conduct, Plaintiff and the Subclass have been damaged, including as set forth above.

### THIRD CAUSE OF ACTION
**(Violation of the California Consumers Legal Remedies Act)**

77. Plaintiff repeats and re-alleges herein the foregoing allegations.

78. At all times relevant hereto, there was in full force and effect the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750.

79. Plaintiff and the other class members are consumers within the meaning of Cal. Civ. Code § 1761(d).

80. Plaintiff and the other class members contracted with Adobe to use the ACCP.

81. The ACCP is a service under Cal. Civ. Code § 1761(b).

82. Adobe repeatedly misinforms its users that "all sales are final" with regards to agreements concerning the ACCP.  This representation is contrary to California law and Adobe's obligations under California and Federal law.

83. Adobe violated the CLRA's proscription against representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law.  Cal. Civ. Code § 1770(a)(14).

84. Plaintiff and the Class suffered damages when they were denied the right to disaffirm the agreement and were either charged a cancellation fee or were denied a refund.

85. Plaintiff and the Class suffered actual damages as a direct and proximate result of Adobe's actions in violation of the CLRA.

86. Plaintiff, on behalf of herself and for all those similarly situated, demand judgment against Adobe for equitable relief in the form of restitution and/or disgorgement of funds paid to Adobe.

87. In accordance with § 1782(a) of the CLRA, on August 10, 2017, Plaintiff's counsel served Adobe, by certified mail, return receipt requested, with notice of its alleged violations of the CLRA.

88. If Adobe does not fully meet the demand set forth in that letter, then Plaintiff will amend or seek leave to amend this complaint in order to seek the following relief under CLRA § 1780, for Adobe's violations of CLRA § 1770(a)(14):

- actual damages under Cal. Civ. Code§ 1780(a)(l);

- punitive damages under Cal. Civ. Code§ 1780(a)(4);

- attorneys' fees and costs under Cal. Civ. Code§ 1780(d); and

- any other relief the Court deems proper under Cal. Civ. Code § 1780(a)(5).

## <u>FOURTH CAUSE OF ACTION</u>
**(Violation of Business and Professions Codes § 17200, *et seq.*)**

89. Plaintiff and the Class adopt by reference each and every paragraph of this Complaint as if fully copied and set forth at length herein.

90.  Plaintiff and the Class are considered "Persons" as that term is defined within Cal. Bus. & Prof. Code § 17201.

91. Adobe is a "Person" as that term is defined within Cal. Bus. & Prof. Code § 17201.

92. Plaintiff brings this cause of action on behalf of herself, on behalf of the other class members, and in her capacity as private attorneys general against Adobe for its unlawful and unfair business acts and/or practices pursuant to California's Unfair Competition Law (UCL), Business & Professions Code § 17200 et seq., which prohibits unlawful, unfair and/or fraudulent business acts and/or practices.

93. Plaintiff asserts these claims as a representative of an aggrieved group and as a private attorney general on behalf of the general public and other persons who have expended funds that Adobe should be required to reimburse under UCL § 17200 et seq.

94. This claim is predicated on the duty to refrain from unlawful, unfair, and deceptive business practices. Plaintiff and the other class members hereby seek to enforce a general proscription of unfair and unlawful business acts and/or practices.

95. Adobe committed an unlawful business act or practice in violation of the UCL § 17200 et seq., when it failed to provide refunds to Plaintiff and Class Members as set forth in this Complaint, and when it engaged in ACCP transactions with minors without complying with the requirements of California Family Code §§ 6701 and 6710.

96. Adobe further misinformed Plaintiff and the Class when it represented that all sales were final- despite the ability for minors to disaffirm the agreement with Adobe.  As a result of this misinformation, members of the Minor Self-Purchasing subclass and the Minor Third-Party-Purchasing subclass paid money to Adobe for cancellation fees and/or subscription fees that Adobe was not entitled to receive.

97. Adobe's unfair practices as described within this complaint specifically violate public policy as declared by specific statutory provisions, namely California Family Code secs. 6701 and 6710.

98. As a direct and proximate cause of Adobe's violation of the UCL, Adobe has been unjustly enriched and Plaintiff and the Class and Subclass have suffered harm including without limitation that they have not been reimbursed for the purchases that they made from Adobe, because Adobe failed to provide refunds in violation of the California Family Code.

99. Plaintiff and the Class and subclass members have conferred benefits on Adobe by paying for subscriptions for the ACCP where Adobe did not comply with California or Federal law.

100.    Plaintiff and the Class and subclass members have conferred benefits on Adobe by paying for subscriptions for the ACCP in transactions that are void and voidable under California law.

101.    Adobe wrongfully and knowingly and willingly accepted these monetary benefits from Plaintiff and the Class.

102.    Under the circumstances alleged herein, it is inequitable for Defendant to retain such benefits at the expense of Plaintiff and the Class.

103.    As a direct and proximate result of Adobe's misconduct as set forth herein, Adobe has been unjustly enriched.

104.    Adobe has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and the Class by wrongfully collecting and retaining money to which Adobe, in equity, is not entitled.

105.    Plaintiff and the Class are entitled to recover from Adobe all amounts wrongfully collected and improperly retained by Adobe, plus interest thereon.

106.    As a direct and proximate result of Adobe's unjust enrichment, Plaintiff and the Class have suffered injuries and are entitled to reimbursement, restitution and disgorgement from Adobe of the benefits conferred by Plaintiff and the Class.

107.   As a direct and proximate result of Adobe's violation of the UCL, Adobe has been unjustly enriched and should be required to make restitution to Plaintiff and the Class or disgorge its ill-gotten profits pursuant to the UCL § 17203.

108.   Adobe's conduct described herein repeatedly occurred in Adobe's trade or business.

109.   Adobe's unlawful conduct is continuing, with no indication that Adobe will cease. See Ex. "B" which is the current terms of service for the ACCP.

110.   Plaintiff, on behalf of herself and for all others similarly situated, demands judgments against Adobe for injunctive relief in the form of restitution, and/or disgorgement of funds paid to Adobe as alleged herein, and an injunction requiring Adobe to conform its practices to California and federal law.

### FIFTH CAUSE OF ACTION
**Unjust Enrichment**
**(On Behalf of the Minors Disaffirming Subclass)**

111. Plaintiff repeats and re-alleges herein the foregoing allegations.

112. Plaintiff and the Subclass have conferred benefits on Adobe by paying for subscriptions to the ACCP

113. Adobe knowingly and willingly accepted those monetary benefits from the plaintiff and Subclass.

114. Plaintiff and Subclass Members were entitled to disaffirm the agreements with Adobe, yet Adobe retained funds that it was not otherwise entitled to in refusing to allow Plaintiff and members of the class to disaffirm.

115. Once Plaintiff and members of the two Subclass disaffirmed the agreement, there was no agreement and any funds retained by Adobe were retained without a contractual basis.

116. Under the circumstances alleged herein, it is inequitable for Adobe to retain such benefits at the expense of Plaintiff and the Subclass.

117. Adobe has been unjustly enriched at the expenses of, and to detriment of, Plaintiff and the Subclass by wrongfully collecting and retaining money to which Adobe, in equity, is not entitled.

118. Plaintiff and the Subclass are entitled to recover from Adobe all amounts wrongfully collected and improperly retained by Adobe, plus interest thereon.

119. As a directed and proximate result of Adobe's unjust enrichment, Plaintiff and the Subclass have suffered injury and are entitled to reimbursement, restitution and disgorgement from Adobe of the benefits conferred by Plaintiff and the Subclass.

120. As a direct and proximate result of Adobe's misconduct as set forth herein, Adobe has been unjustly enriched.


**WHEREFORE**, Plaintiff, individually and on behalf of the Class prays for judgment against Adobe, as follows, as appropriate to each cause of action alleged and as appropriate to the particular standing of Plaintiff and Class of similarly situation individuals:

A.  Finding that this action satisfies the prerequisites for maintenance as a class action under Fed. R. Civ. 23(b)(2) and 23(b)(3), and applicable case law and certifying the Class and subclass defined herein;

B.  Designating Plaintiff as representative of the Class and Subclass and their counsel as class counsel;

C.  Entering judgment in favor of Plaintiff and the Class and against Adobe;

D.  Entering a Declaratory Judgment determining that the contracts between Adobe and the Class members relating to the subscriptions to the ACCP are void or in the alternative voidable at the option of the respective class members and that if the Class members elect to void the contracts, they will be entitled to restitution;

E.  An injunction that either requires Adobe to either cease selling subscriptions to the ACCP to minors or substantially change its practices regarding transactions with minors, and to otherwise conform its practices with California and federal law;

F.  Providing all other equitable and injunctive relief sought under the UCL above;

G.  Awarding Plaintiff and members of the Class their individual and statutory damages and attorneys' fees and allowing costs, including interest thereon; and/or restitution and equitable relief; and

H.  Granting such further relief as the Court deems just.

### DEMAND FOR JURY TRIAL

Plaintiff and the Class hereby demand jury trial on all claims so triable in this action.

Dated:  August 10, 2017                              Respectfully Submitted,


                                                     EXCOLO LAW, PLLC



                                                     /s/ Keith Altman

                                                     Keith Altman (SBN 257309)
                                                     Solomon Radner (*phv* to be applied)
                                                     Excolo Law PLLC
                                                     26700 Lahser Road
                                                     Suite 401
                                                     Southfield, MI 48033
                                                     (516)456-5885
                                                     kaltman@lawampmmt.com

                                                     Attorneys for Plaintiff and the Class

## DECLARATION OF KEITH ALTMAN
## PURSUANT TO CALIFORNIA CIVIL CODE § 1780(d)

I, Keith Altman, declare as follows:

1. I submit this declaration pursuant to section 1780 (d) of the California Consumers Legal Remedies Act. I have personal knowledge of the matters set forth below and if called as a witness could and would be competent to testify thereto.

2. Defendant Adobe Systems, Inc. ("Adobe") is a Delaware Corporation with its principle place of business at 345 Park Avenue, San Jose, California 95110.

3. This action is being commenced in the Northern District of California. Defendant's principle place of business is located within the Northern District of California. According to N.D. CA local rule 3.2(e), this case will be assigned to the San Jose division which is located in Santa Clara county.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed on August 10, 2017 in Southfield, MI.

/s/ Keith Altman

Keith Altman

## **VERIFICATION**

I, the undersigned, certify and declare that I have read the foregoing complaint, and know its contents.

I am the attorney for Plaintiff to this action. Such parties are absent from the county where I have my office and is unable to verify the document described above. For that reason, I am making this verification for and on behalf of the Plaintiff. I am informed and believe on that ground allege the matters stated in said document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 10, 2017 at Southfield, MI

Respectfully Submitted,

**Excolo Law, PLLC**

By: /s Keith Altman
Keith L. Altman, SBN 257309
Attorney for Plaintiff
 Excolo Law, PLLC
26700 Lahser Road  Suite 401
Soutfield, MI 48033
516-456-5885
kaltman@lawampmmt.com

*Attorneys for Plaintiff and the Class*