1  ARNOLD & PORTER KAYE SCHOLER LLP
   TRENTON H. NORRIS (No. 164781)
2  trent.norris@arnoldporter.com
   GEORGE F. LANGENDORF (No. 255563)
3  george.langendorf@arnoldporter.com
   Three Embarcadero Center, 10th Floor
4  San Francisco, CA 94111-4024
   Telephone:  +1 415.471.3100
5  Facsimile:  +1 415.471.3400

6  Attorneys for Defendant
   ADOBE SYSTEMS, INC.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

| 12  T.K, by and through her Guardian ad Litem LYNN KRESCH, individually and on behalf of all others similarly situated, | Case No.: 5:17-cv-04595-LHK-HRL |
|---|---|
| 13 | Complaint Filed: August 10, 2017 |
| 14             Plaintiff, | **DEFENDANT ADOBE SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS FOR INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| 15             vs. | |
| 16  ADOBE SYSTEMS, INC., | |
| 17             Defendant. | Hon. Lucy H. Koh |
| 18 | Hearing:  October 11, 2018<br>Time:     1:30 p.m. |
| 19 | Location: Courtroom 8, 4th Floor |

20

21                   **NOTICE OF MOTION AND MOTION**

22    **PLEASE TAKE NOTICE** that on October 11, 2018, at 9:30 a.m., or as soon thereafter as

23  the matter may be heard, in the courtroom of the Honorable Lucy H. Koh of the above-entitled

24  Court, located at 280 South First Street, San Jose, CA 95113, Defendant Adobe Systems, Inc.

25  ("Adobe") will, and hereby does, move the Court for an order dismissing the claims for injunctive

26  relief contained in the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1).  This

27  Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and

28  Authorities, and all such additional matters as may come before the Court.

**ISSUE TO BE DECIDED**

Whether Plaintiff has standing to seek prospective injunctive relief where she has not alleged any intention to purchase a subscription to the Creative Cloud again, and has alluded only to a remote possibility that she could be required to obtain a subscription by her school.

**MEMORANDUM OF POINTS AND AUTHORITIES**

It is difficult to imagine an allegation that is less worthy of standing for injunctive relief than the one contained in the Second Amended Complaint ("SAC").  The SAC makes it clear that Plaintiff has no intention of purchasing another subscription to the Adobe Creative Cloud.  That ends the matter, because purchasing the Creative Cloud is a prerequisite to experiencing any of the alleged harms identified in the SAC.

Plaintiff asserts, however, that she nonetheless has standing to seek injunctive relief, because it is *possible* that she could be required to obtain a license to the Creative Cloud, *if* an unidentified teacher at her school were to require her to do so in the future.  SAC ¶ 45.  She further asserts that *if* that hypothetical teacher then left the school *after* she had obtained the license, she would no longer need it, and so she would disaffirm her contract.  *Id*.  This is the very definition of conjecture.  If such hypotheticals were enough to confer standing for injunctive relief, courts would not use terms such as "imminent" and "real" and "certainly impending" to describe the nature of the harm that must be threatened.

And, even if one follows Plaintiff down this unlikely path, there is *still* no likelihood of harm.  The SAC alleges that a teacher might one day require T.K. to "obtain a license" to the Creative Cloud.  It does not allege — and it stretches credulity to imagine — that the imaginary teacher would mandate that T.K. herself enter into the contract, rather than her parents.  The identity of the contracting party would have no relevance in the classroom, and T.K. could thus avoid any potential harm by having her parents contract for her.  Indeed, to do otherwise would be to subscribe to the Creative Cloud *for the purpose* of using it and then disaffirming the contract, a scenario that is more akin to fraud than to a basis for standing to seek prospective injunctive relief.

The allegations in the SAC thus fall far short of what is required for standing to seek prospective injunctive relief, and Adobe respectfully requests that they be dismissed.

I. **PROCEDURAL HISTORY AND LEGAL STANDARD.**

In its April 17, 2018 Order ("Order" ECF 37), the Court dismissed with prejudice Plaintiff's cause of action for breach of the covenant of implied good faith and fair dealing, and dismissed the CLRA and UCL (fraudulent) causes of action with leave to amend. Plaintiff has not re-alleged the CLRA or UCL (fraudulent) claims in the SAC, and has therefore abandoned those causes of action.

In addition, the Court considered *sua sponte* whether Plaintiff had standing to assert a claim for prospective injunctive relief. Order, at 25. After summarizing the legal requirements, the Court noted that although T.K. prayed for prospective injunctive relief, she "concedes in the FAC that she disaffirmed the contract with Adobe . . . and there is no evidence to suggest that T.K. continues to use ACCP or any other Adobe products or has plans to use such products again." *Id*. (citing FAC ¶ 33). Accordingly, the Court dismissed the claim for injunctive relief, but granted leave to amend "[b]ecause T.K. may be able to plead sufficient facts to establish standing." *Id*.

To plead such facts, Plaintiff must allege that she "has suffered or is threatened with a concrete and particularized legal harm, coupled with a sufficient likelihood that she will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). With respect to the latter requirement, the Ninth Circuit requires a showing of a "*real* and *immediate* threat of repeated injury in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc) (emphasis added). The "threatened injury must be *certainly impending* to constitute injury in fact" and mere "allegations of *possible* future injury are not sufficient." *Davidson v. Kimberly-Clark Corp.*, No. 15-16173, 2018 WL 2169784, at *7 (9th Cir. May 9, 2018) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis added)). In the context of this putative class action, Plaintiff must show that she *herself* is likely to be injured in the future; allegations that unnamed class members may suffer the alleged harm are insufficient to establish standing to seek injunctive relief on behalf of the class. *Hodgers–Durgin v. de la Vina*, 199 F.3d 1037, 1044–45 (9th Cir. 1999).

II. **PLAINTIFF HAS NOT ALLEGED A SUFFICIENT LIKELIHOOD THAT SHE WILL BE WRONGED AGAIN IN A SIMILAR WAY**

Against this backdrop, Plaintiff has responded to the Court's dismissal of her claims for

injunctive relief by adding the following new allegations in the SAC:

> "Subsequent to her disaffirmance and the filing of the instant complaint, T.K. was required by one of her teachers to obtain a license to the ACCP for use in her class. Because her school did not have a site license for the ACCP, T.K. would have been required to obtain a license on her own. Ultimately, the teacher left the school and she was not required to obtain a license.
>
> Had T.K. acquired the license before her teacher's departure, she would not have needed the license to the ACCP and she would have had the same issues disaffirming the contract as complained of in the instant complaint"

SAC ¶¶ 45-46.  These allegations do not suffice.

To begin, the new allegations make clear that T.K. does *not* intend to subscribe the Creative Cloud again.  This is no surprise.  The entire impetus for this case is Plaintiff's disaffirmance of her subscription to the Creative Cloud.  Plaintiff apparently did not want to pay for the subscription, and that continues to be the case today, as the SAC demonstrates.

This ends the matter, because the absence of any intent to purchase the product in question again has been held to preclude standing for injunctive relief in cases like this.  For example, in *Phillips v. Apple Inc.*, No. 15-CV-04879-LHK, 2016 WL 1579693 (N.D. Cal. Apr. 19, 2016), the plaintiffs alleged that an upgrade to Apple's IOS 9 operating system caused the Wifi Assist feature to be automatically enabled, and that this in turn caused consumers to involuntarily use more cellular data than they expected.  *Id*. at *4.  Apple moved to dismiss the plaintiffs' injunctive relief claim on the basis that they had not alleged any intention to purchase another phone with IOS 9 installed, and they could simply turn the feature off on their existing phones.  *Id*. at *8. Plaintiffs responded that harm was still possible because Apple "could easily issue an update that surreptitiously turns Wi-Fi assist on by default."  *Id*.  This Court rejected that argument, and held that in the absence of any intent to purchase another iPhone with IOS 9 installed, or a showing that a new IOS update would be installed automatically, the plaintiffs' allegations were mere conjecture, and they had no standing to seek injunctive relief.  *Id*. at *9.  Other courts have ruled similarly.  *See, e.g.*, *Swearingen v. Late July Snacks LLC*, No. 13-CV-04324-EMC, 2017 WL 4641896, at *4 (N.D. Cal. Oct. 16, 2017) (finding no standing where "Plaintiffs make clear their intent *not* to purchase the products" absent a ruling in their favor); *Peacock v. 21st Amendment Brewery Cafe, LLC*, No. 17-

CV-01918-JST, 2018 WL 452153, at *9 (N.D. Cal. Jan. 17, 2018) (no standing for injunctive relief because "at no point does Peacock state or even imply any intent or desire to purchase 21st Amendment beers in the future").

Here, Plaintiff does not allege that she has any independent desire to subscribe to the Creative Cloud. Instead, she outlines an attenuated hypothetical in which she might be required do so. This imagines that (1) a teacher at her school requires her to obtain a license; (2) Plaintiff herself (as opposed to her parents) subscribes to the Creative Cloud; (3) the teacher then leaves the school, at which point (4) Plaintiff no longer need the subscription and disaffirms the contract. SAC ¶¶ 45-46.

There is no indication that *any* of this is likely, much less imminent or "certainly impending" as required for standing for injunctive relief. *Davidson*, 2018 WL 2169784, at *7. Courts routinely find no standing to seek injunctive relief in cases involving allegations of hypothetical or unlikely harm. In *Payne v. Office of the Comm'r of Baseball*, No. 15-CV-03229-YGR, 2016 WL 6778673, at *4 (N.D. Cal. Nov. 16, 2016), *aff'd*, 705 F. App'x 654 (9th Cir. 2017), for example, the plaintiff sued Major League Baseball for injunctive relief on the basis that safety measures were inadequate to protect fans from the risk of bats and balls entering the stands. The Court noted that Plaintiff had no concrete plans to attend future games, and that even if she did attend, the chances of being struck by a foul ball are low, such that it could not be said that harm was "certainly impending." *Id*. at *4. *See also Munns v. Kerry*, 782 F.3d 402, 409 (9th Cir. 2015) (finding no standing for injunctive relief where plaintiff would be harmed in the same way only "*if* he elects to serve again, *if* he is hired by a contractor, *if* he is shipped overseas, *if* CPA Order 17 is still in effect or *if* another similar order instead governs"). Thus, the unlikely hypothetical offered by Plaintiff is insufficient to support standing to seek injunctive relief.

Nor is that the only flaw in Plaintiff's theory, because even if this far-fetched scenario played out, there is still no *real* risk that T.K. would be injured in the same way she alleges that she was injured previously, because T.K.'s parents could simply enter into the contract with Adobe. The SAC contemplates that T.K. might be "required by one of her teachers to *obtain a license*" to the Creative Cloud, not that she is required to enter into the contract herself. SAC ¶ 45. It is

1  difficult to imagine – and the SAC does not allege – that if an unspecified future teacher required
2  T.K. to arrange to have access to the Creative Cloud, he or she would care at all whether T.K. was
3  the contracting party.  Thus, even Plaintiff's own hypothetical would not render the alleged harm
4  "real and immediate," much less "certainly impending."  *Chapman*, 631 F.3d F 946 (9th Cir. 2011);
5  *Davidson*, 2018 WL 2169784, at *7.
6       The contortions the SAC goes through to (unsuccessfully) posit a hypothetical where
7  Plaintiff might be harmed highlight the fundamental contradiction in Plaintiff's argument.  To
8  experience the same harm alleged again, Plaintiff would have to subscribe to the contract.  There is
9  objective evidence she does not want to do so, in the form of her past disaffirmance, allegations
10 related to which are the basis for this very lawsuit.  Thus, absent some kind of compulsory
11 subscription scenario of the type Plaintiff has attempted (and failed) to describe, Plaintiff would
12 only face the risk of experiencing the same alleged harm again if she subscribed to the Creative
13 Cloud *for the purpose* of disaffirming the subscription.  To her credit, Plaintiff has not alleged that
14 she intends to do this, perhaps because it would amount to intentional fraud on Adobe.  Thus, the
15 allegations in the SAC themselves demonstrate that the prospect of Plaintiff experiencing the
16 alleged harm again is neither real, nor imminent, nor certainly impending, and therefore Plaintiff
17 lacks standing to seek prospective injunctive relief.

18 **III.   CONCLUSION**
19      For the foregoing reasons, Defendant requests that Plaintiff's claim for prospective
20 injunctive relief be dismissed.

22 Dated: May 21, 2017                                   ARNOLD & PORTER KAYE SCHOLER LLP

                                                       By: /s/ *George F. Langendorf*
                                                             George F. Langendorf

                                                       Attorneys for Defendant
                                                       ADOBE SYSTEMS, INC.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May 21, 2017, the foregoing Notice of Motion, Motion and Memorandum of Points and Authorities In Support of Defendant's Motion to Dismiss the Third Amended Complaint was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                             */s/ George F. Langendorf*
                                             GEORGE F. LANGENDORF