United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T. K.,<br><br>                Plaintiff,<br><br>     v.<br><br>ADOBE SYSTEMS INCORPORATED,<br><br>                Defendant. | Case No. 17-CV-04595-LHK<br><br>**ORDER GRANTING WITH PREJUDICE MOTION TO DISMISS CLAIMS FOR INJUNCTIVE RELIEF**<br><br>Re: Dkt. No. 44 |

Plaintiff T.K. brings this putative class action against Adobe Systems Inc. ("Adobe") for causes of action arising out of Adobe's sale of subscriptions to the Adobe Creative Cloud Platform ("ACCP") to minors. Previously, the Court dismissed T.K.'s claims for injunctive relief in T.K.'s first amended complaint ("FAC") for lack of Article III standing sua sponte, but granted leave to amend. T.K. has filed a second amended complaint ("SAC") with amendments related to her claims for injunctive relief. Before the Court is Adobe's motion to dismiss T.K.'s claims for injunctive relief contained in T.K.'s SAC. Having considered the parties' briefs, the relevant law, and the record in this case, the Court GRANTS with prejudice Adobe's motion to dismiss T.K.'s claims for injunctive relief.

## I. BACKGROUND

### A. Factual Background

The relevant allegations in T.K.'s SAC are as follows. In March 2016, T.K., a minor and

citizen of Puerto Rico, received as a gift a one-year subscription to access ACCP. ECF No. 41 ("SAC") ¶¶ 11, 26. In order to access that ACCP subscription, T.K. was required to create an Adobe account, which involves agreeing to Adobe's terms of service for ACCP. *Id.* ¶ 27. T.K. was also required to provide a credit or debit card, and T.K. provided her own debit card information. *Id.* ¶¶ 11, 28.

On February 20, 2017, T.K. received an unsolicited email from Adobe informing T.K. that her subscription would renew on March 20, 2017 on an annual basis for a fee of $49.99 per month plus tax. *Id.* ¶ 31; Exh. C. T.K. did not respond to this email. SAC ¶ 31. On or about March 21, 2017, Adobe charged T.K. $52.99. *Id.* ¶ 32; Exh. D. On April 21, 2017, Adobe charged T.K. an additional $52.99. SAC ¶ 33.

A short time after the April charge, T.K., through her parent, "contacted Adobe and disaffirmed the renewal of the agreement." *Id.* On April 26, 2017, Adobe refunded T.K. $52.99. *Id.* At some unspecified time after T.K. filed the initial August 10, 2017 complaint in this case, "Adobe sent $52.99 to T.K.'s debit card. T.K. did not voluntarily accept these funds." *Id.* ¶ 34. T.K. alleges that she was injured notwithstanding the refunds because she was denied the use of these funds "beginning on April 26, 2017." *Id.*

T.K. alleges that by refusing to initially refund both of T.K.'s monthly payments, Adobe refused to allow T.K. to disaffirm the automatically renewed agreement. *Id.* ¶¶ 35, 36. T.K. alleges that this refusal by Adobe is contrary to California Family Code § 6710, which provides minors the right to disaffirm contracts. *Id.* T.K. alleges that Adobe misinforms its users that all sales are final. *Id.* ¶ 42. More specifically, T.K. argues that § 10.1 of the terms of service, which states that "[t]ermination of your account does not relieve you of any obligation to pay any outstanding fees," implies that "even if you cancel, you must still pay." *Id.* According to T.K., this statement "is contrary to the law of California and Adobe's obligations under California and Federal law." *Id.*

T.K. now alleges that following her disaffirmance and the filing of the second amended complaint, "T.K. was required by one of her teachers to obtain a license to the ACCP for use in her classroom." *Id.* ¶ 45. But T.K. states that "[u]ltimately, the teacher left the school and [T.K.]

2
Case No. 17-CV-04595-LHK
ORDER GRANTING WITH PREJUDICE MOTION TO DISMISS CLAIMS FOR INJUNCTIVE RELIEF

was not required to obtain a license" *Id.* T.K. further alleges that "[b]ecause of the ubiquitous nature of the ACCP in education, there is a very real threat that T.K. would be required by another of her teachers to obtain a license of the ACCP." *Id.* ¶ 47.

T.K. seeks to represent the following putative class and subclass:

> All ACCP users who are or were minor children according to Adobe's own records for the four years preceding the date on which this complaint is filed through the date on which a class is certified ("Class"). Within the Class is a Subclass of minors who purchased access to the ACCP and attempted to disaffirm the agreement with Adobe according to Adobe's customer service records, but were charged fees according to the disaffirmed contract ("the Minors Disaffirming Subclass").

*Id.* ¶ 49.

### B. Procedural History

On August 10, 2017, T.K. filed the original complaint. ECF No. 1. On November 7, 2017, Adobe filed a motion to dismiss the complaint and strike the class allegations. ECF No. 17. On December 14, 2017, T.K. filed her FAC. ECF No. 29. On January 2, 2018, the Court denied as moot Adobe's motion to dismiss T.K.'s original complaint. ECF No. 30. On January 5, 2018, Adobe filed a motion to dismiss the FAC. ECF No. 31. T.K filed an opposition on January 19, 2018, ECF No. 34, and Adobe filed a reply on January 26, 2018, ECF No. 35. On April 17, 2018, the Court granted in part and denied in part Adobe's motion to dismiss T.K.'s FAC. ECF No. 37. The Court also dismissed sua sponte T.K.'s claims for injunctive relief for lack of Article III standing, but granted leave to amend "because T.K. may be able to plead sufficient facts to establish standing." *Id.* at 25.

On May, 7, 2018, T.K. filed her SAC, reasserting the claims for injunctive relief. *See* SAC. In support of her claims for injunctive relief, T.K. pled the following allegations:

> 45. Subsequent to her disaffirmance and the filing of the instant complaint, T.K. was required by one of her teachers to obtain a license to the ACCP for use in her class. Because her school did not have a site license for the ACCP, T.K. would have been required to obtain a license on her own. Ultimately, the teacher left the school and she was not required to obtain a license. Had T.K. acquired the license before her teacher's departure, she would not have needed the license to the ACCP and she would have had the same issues disaffirming the contract as complained of

3

Case No. 17-CV-04595-LHK
ORDER GRANTING WITH PREJUDICE MOTION TO DISMISS CLAIMS FOR INJUNCTIVE RELIEF

> in the instant complaint.
> 46. Thus, the conduct complained of in the complaint is capable of repetition in the future for T.K.
> 47. Because of the ubiquitous nature of the ACCP in education, there is a very real threat that T.K. would be required by another of her teachers to obtain a license of the ACCP. Thus, the damages to T.K. are capable of [repetition] in the future.
> 48. Just as with T.K., the proposed Class can be subject to the same damages complained of in the instant complaint in the future if Adobe does not change its practices.

*Id.* ¶¶ 45–48. On May 21, 2018, Adobe filed the instant motion to dismiss T.K.'s claims for injunctive relief. ECF No. 44 ("Mot."). On June 6, 2018, T.K. filed an opposition. ECF No. 46 ("Opp'n"). On June 11, 2018, Adobe filed a reply. ECF No. 51 ("Reply").

## II. LEGAL STANDARD

### A. Article III Standing

"Constitutional [or 'Article III'] standing concerns whether the plaintiff's personal stake in the lawsuit is sufficient to make out a concrete 'case' or 'controversy' to which the federal judicial power may extend under Article III, § 2." *City of L.A. v. Cty. of Kern*, 581 F.3d 841, 845 (9th Cir. 2009) (quoting *Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*, 219 F.3d 895, 899 (9th Cir. 2000) (alteration in original). "[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

The plaintiff bears the burden of establishing Article III standing. *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). To meet that burden, the plaintiff "must establish 'the irreducible constitutional minimum of standing,' consisting of three elements: injury in fact, causation, and a likelihood that a favorable decision will redress the plaintiff's alleged injury." *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). To establish an injury in fact, the plaintiff must show that he or she has suffered "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical" *Lujan*, 504 U.S. at 560 (internal quotation marks and citations omitted).

"In a facial attack, the defendant challenges the sufficiency of the allegations of subject

4

matter jurisdiction in the complaint." *Payne v. Office of the Comm'r of Baseball*, 2016 WL 6778673, at *3 (N.D. Cal. Nov. 16, 2016) (citing *Love v. United* States, 915 F.2d 1232, 1245 (9th Cir. 1990)). When determining whether to dismiss a complaint for lack of Article III standing, a court "must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Maya*, 658 F.3d at 1068 (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). "At the pleading stage, general factual allegations of injury resulting from defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Id.* (citing *Lujan*, 504 U.S. at 561) (alteration in original). However, "[t]his is not to say that plaintiff may rely on a bare legal conclusion to assert injury-in-fact." *Id.*

### B. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### III. DISCUSSION

T.K. seeks injunctive relief only as part of her cause of action under the Unfair Competition Law ("UCL"). Specifically, T.K. requests "an injunction requiring Adobe to conform its practices to California and federal law." SAC ¶ 99. Further, in her prayer for relief, T.K. also

5

Case No. 17-CV-04595-LHK
ORDER GRANTING WITH PREJUDICE MOTION TO DISMISS CLAIMS FOR INJUNCTIVE RELIEF

requests "[a]n injunction that either requires Adobe to [ ] cease selling subscriptions to the ACCP to minors or substantially change its practices regarding transactions with minors, and to otherwise conform its practices with California and federal law." *Id.* at 25 ¶ E. In support of her claims for injunctive relief, T.K. alleges that following her disaffirmance and the filing of the SAC, "T.K. was required by one of her teachers to obtain a license to the ACCP for use in her classroom," but that "[u]ltimately, the teacher left the school and [T.K.] was not required to obtain a license" *Id.* ¶ 45. T.K. also asserts that "[b]ecause of the ubiquitous nature of the ACCP in education, there is a very real threat that T.K. would be required by another of her teachers to obtain a license of the ACCP." *Id.* ¶ 47.

Adobe's primary assertion is that T.K. has no standing to assert her claims for injunctive relief because T.K. has not alleged an imminent injury. Mot. at 2. Adobe maintains that T.K. failed to allege any intention to purchase another subscription to ACCP, and that T.K.'s assertion that it is possible that one of her teachers may require her to purchase ACCP is conjecture and not sufficient to demonstrate real or imminent harm. Mot. at 2. For the reasons stated below, the Court agrees with Abode that T.K. lacks standing to seek prospective injunctive relief.

To demonstrate constitutional standing for "injunctive relief, which is a prospective remedy, the threat of injury must be 'actual and imminent, not conjectural or hypothetical.'" *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 966 (9th Cir. 2018) (quoting *Summer v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). "In other words, the 'threatened injury must be *certainly impending* to constitute injury in fact' and 'allegations of *possible* future injury are not sufficient." *Id.* (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). "Past wrongs, though insufficient by themselves to grant standing, are 'evidence bearing on whether there is a real and immediate threat of repeated injury.'" *Id.* (quoting *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983)). "Where standing is premised entirely on the threat of repeated injury, a plaintiff must show 'a sufficient likelihood that [s]he will again be wronged in a similar way.'" *Id.* (quoting *Lyons*, 461 U.S. at 111).

The Court agrees with Adobe that T.K. has failed to allege the "real and immediate threat

6
Case No. 17-CV-04595-LHK
ORDER GRANTING WITH PREJUDICE MOTION TO DISMISS CLAIMS FOR INJUNCTIVE RELIEF

of repeated injury" necessary to demonstrate Article III standing to seek injunctive relief. *See Davidson*, 889 F.3d at 966 (quoting *Lyons*, 461 U.S. at 102). The Ninth Circuit has clearly stated that mere "allegations of *possible* future injury are not sufficient." *See Davidson*, 889 F.3d at 967 (quoting *Clapper* 568 U.S. at 409). Here, T.K. does not allege any actual intention or plan to purchase ACCP again in the future. Instead, T.K. alleges only *possible* future injury. In fact, T.K.'s own opposition states that "[t]he Complaint leaves open the possibility that Plaintiff *may wish*, or be required, to utilize the ACCP in the future." Opp'n at 5 (emphasis added). Because the "possibility that Plaintiff may wish" is not sufficient pursuant to *Davidson*, T.K. has failed to establish standing to seek injunctive relief on that ground. *See* 889 F.3d at 967.

In opposition, T.K. points to *Ries v. AriZona Beverages USA LLC*, 287 F.R.D. 523 (N.D. Cal. 2012). T.K. claims that the district court in *Ries* found standing because the plaintiffs had not "disclaimed an interest in purchasing [the beverages] in the future." Opp'n at 5. Based on her reading of *Ries*, T.K. argues that she has standing because she similarly did not disclaim an interest in using ACCP in the future. Opp'n at 5. However, T.K. mischaracterizes the holding of *Ries*. In *Ries*, the district court held that the plaintiffs had standing to enjoin defendants from making deceptive representations on their AriZona beverages even though the plaintiffs now knew of the products' contents. *Id.* at 533. The district court noted that the harm from deceptive beverage advertising continues even after the consumer is aware of the deceptive advertising because "the fact that [consumers] discovered the supposed deception some years ago does not render the advertising any more truthful." *Id.* Most importantly, what distinguished the plaintiffs in *Ries*, and what ultimately gave them standing, was that they had "stated [their] intent to purchase in the future." *Id.* at 533; *see Phillips v. Apple, Inc.*, No. 15-CV-04879-LHK, 2016 WL 1579693 (N.D. Cal. Apr. 19, 2016) (distinguishing *Ries* by noting that "the plaintiffs in *Ries* alleged that they intended to purchase AriZona beverages in the future," while the plaintiffs in *Phillips* did not allege an intent to consume the product at issue in the future). Unlike the *Ries* plaintiffs, T.K. has not alleged that she intends to purchase ACCP in the future. Therefore, *Ries* does not save T.K.'s claims for injunctive relief.

7
Case No. 17-CV-04595-LHK
ORDER GRANTING WITH PREJUDICE MOTION TO DISMISS CLAIMS FOR INJUNCTIVE RELIEF

Second, T.K.'s allegation that a *hypothetical* future teacher *may* require T.K. to utilize ACCP similarly does not create standing for T.K. to seek her claims for injunctive relief. *See* SAC ¶ 47; *see also* Opp'n at 3–4, 5. As the Ninth Circuit has plainly stated, to adequately plead an injury in fact based on future injury, "the 'threatened injury must be *certainly impending . . . .*'" *Davidson*, 889 F.3d at 967 (quoting *Clapper* 568 U.S. at 409). A possible requirement by a hypothetical future teacher cannot be said to be certainly impending. Because T.K. has not alleged a certainly impending threatened injury, T.K. has failed to allege facts demonstrating standing to seek injunctive relief.[1] Her claims for injunctive relief must therefore be dismissed.

In dismissing T.K.'s claims for injunctive relief contained in the first amended complaint for lack of Article III standing, the Court gave T.K. leave to amend, stating that "T.K. may be able to plead sufficient facts to establish standing." *See* ECF No. 37 at 25. Furthermore, the Court's order stated that if T.K.'s second amended complaint failed to cure the deficiencies identified in the order, the claims would be dismissed with prejudice. Because T.K. has failed to cure the standing deficiency identified in the Court's previous order, the Court finds that additional leave to amend would be futile. *See Leadsinger, Inc.*, 512 F.3d at 532. Thus, T.K.'s claims for injunctive relief are dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Adobe's motion to dismiss the claims for injunctive relief in T.K.'s SAC is GRANTED with prejudice.

**IT IS SO ORDERED.**

Dated: August 22, 2018

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

---

[1] Because the Court finds that this failure to allege a certainly impending threatened injury precludes T.K. from establishing standing to claim injunctive relief, the Court need not address Adobe's argument that even if T.K. were required by one of her teachers to subscribe to ACCP, she could "easily avoid injury by having her parents be the contracting party." Reply at 3.